IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA ANN FUNKHOUSER,  )
                          )
         Plaintiff,       )
                          )
    v.                    )    Civil Action No. 16-137
                          )
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
                          )
         Defendant.       )

O R D E R

AND NOW, this 29th day of March, 2017, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor

reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).¹

---

¹ Plaintiff argues that the administrative law judge ("ALJ") erred in finding that she was able to perform her past relevant work at Step Four of the sequential analysis. The Court finds no merit in this argument and finds that substantial evidence supports the ALJ's decision.

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. Step Four of this analysis requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. § 404.1520(a)(iv). In doing so, the ALJ must determine whether the claimant retains the functional capacity to "meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). See also S.S.R. 82-61, 1982 WL 31387 (S.S.A.) (1982), and S.S.R. 82-62, 1982 WL 31386 (S.S.A.) (1982). It is not necessary for the record to contain substantial evidence that the claimant retains the ability to do the job both as actually performed and as generally performed; a finding of either will suffice. See Garibay v. Comm'r of Soc. Sec., 336 Fed. Appx. 152, 159 (3d Cir. 2009). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994).

As Plaintiff points out, in performing this analysis, the ALJ must: (1) make specific findings of fact as to the claimant's RFC; (2) make findings of the physical and mental demands of the claimant's past work; and (3) compare the claimant's RFC to the past relevant work to determine whether the claimant is capable of performing that work. See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 120 (3d Cir. 2000). This is precisely what the ALJ did here.

The ALJ determined Plaintiff's RFC, and Plaintiff does not challenge that determination. The RFC makes no mention of problems typing, writing, or reaching, and in fact contains no restrictions regarding Plaintiff's use of her hands. (R. 29). Indeed, the record contains little, if any, evidence regarding any manipulative or reaching limitations on Plaintiff's behalf. The ALJ then described Plaintiff's past work as a front office worker, relying on Plaintiff's own description of the job as set forth in the Work History Report she submitted in support of her application for benefits. (R. 37, 258-59). Indeed, pursuant to Social Security Ruling 82-62, "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." 1982 WL 31386 (S.S.A.) at *3. Finally, relying in part on the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 11) is DENIED, and Defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

testimony of the vocational expert that a person with Plaintiff's RFC could perform the job of a front office worker as Plaintiff actually performed it, the ALJ found that Plaintiff was capable of performing her past relevant work at Step Four.

Plaintiff argues that this was not enough to constitute a careful appraisal because the ALJ did not ask Plaintiff any questions at the hearing regarding her ability to perform the actual tasks of her job as a front office worker, particularly in regard to her ability to type, write, or reach. There are several problems with this argument. First, as discussed, the ALJ did not include any restrictions regarding Plaintiff's use of her hands, including typing, writing, or reaching, in the RFC. Plaintiff does not challenge this finding, nor does she point to any evidence in the record that would support an inference that she was limited in performing these tasks. It is unclear what additional questions regarding Plaintiff's ability to type, write, or reach were needed at the hearing in light of the absence of any evidence or allegation regarding such limitations anywhere else in the record. Moreover, the ALJ did, in fact, give Plaintiff the opportunity at the hearing to discuss any impairments that interfered with her ability to work in addition to those already discussed, and Plaintiff indicated that she had no other impairments. (R. 61). As it was in fact Plaintiff's burden to establish an inability to perform her past relevant work, there is no merit to the contention that the ALJ had a duty to continuously confirm the lack of evidence in regard to Plaintiff's use of her hands.

Because the Court finds that substantial evidence supports the ALJ's finding that Plaintiff can perform her past work as a front office worker as she previously performed the job, it does not reach Plaintiff's argument as to whether the ALJ also erred in finding that she could do the job as it is ordinarily performed in the national economy.

3